SILVERMAN, Circuit Judge,
concurring.
I agree that the case must be reversed and remanded, but for a different reason. The plaintiffs are entitled to attorney’s fees only if they are deemed to be the prevailing party on their Washington Consumer Protection Act claim. The plaintiffs asserted various claims, only one of which — the WCPA claim — would entitle them to attorney’s fees as a species of costs. The district court, therefore, was on the right track when it sought to follow Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc., 260 F.3d 1054 (9th Cir.2001) and determine, whether in accepting the offer of judgment, the plaintiffs had prevailed on their Washington Consumer Protection Act claim.
However, in my opinion, the district court went astray when it ruled that the plaintiffs could not possibly have prevailed on the WCPA claim due to a bankruptcy court stipulation that only insured claims could be pursued. In deciding that the WCPA was not an insured claim, the district court relied solely on a self-serving letter from an insurance company’s lawyer denying coverage of that claim. The letter is an expression of the insurance company’s position, nothing more. It does not, in and of itself, prove that the WPCA claim was barred by the bankruptcy court stipulation. A fuller, disinterested examination of the policy and the claim was required before it could be determined that the WPCA claim was not authorized by the bankruptcy court stipulation. I would remand the case to the district court to make a such a determination.